# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAUL A. BOGAN,** | ) | |
| **BOP Reg. # 13813-003,** | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 16-00335-KD** |
| **v.** | ) | |
| | )**CRIMINAL ACTION NO. 13-00274-KD-N** | |
| **UNITED STATES OF AMERICA** ) | | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATIONS

Paul A. Bogan, a federal prisoner proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 31[1]) and supporting memorandum (Doc. 32). The motion has been referred for appropriate action to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* S.D. Ala. GenLR 72(b); (6/30/2016 electronic reference).

After conducting preliminary review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned entered an order

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

setting deadlines for the Government to file a response to the motion, and for Bogan to file a reply to the Government's response. (Doc. 33). The Government has timely filed its response in opposition to Bogan's § 2255 motion (Doc. 34). The deadline for Bogan to submit a reply has passed, and to date he has not done so. The § 2255 motion is now under submission.

Having reviewed the parties' submissions in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings, the undersigned finds that an evidentiary hearing is not warranted and that Bogan's § 2255 motion (Doc. 31) is due be **DISMISSED with prejudice**. The undersigned further finds that Bogan is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal.

## I.    <u>Background</u>

On December 30, 2013, Bogan was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 1). Bogan pled guilty to this offense on March 30, 2014. (*See* Doc. 20). Prior to sentencing, the Probation Office for this District prepared a Presentence Investigation Report ("PSI"), to which neither Bogan nor the Government filed written objections. The PSI, applying U.S.S.G. § 2K2.1(a)(2) (2013), assigned Bogan a base offense level of 24 because he had committed the charged offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." (Doc. 24 at 5, § 21). Ultimately, the PSI calculated a total offense level of 23 and a criminal history category of VI,

for a guideline imprisonment range of 92 to 115 months. (*See id.* at 16, § 74). The Court, adopting the PSI "without change" (*see* Doc. 29 at 1), sentenced Bogan to 92 months imprisonment, entering written judgment on the record in July 2014. (Doc. 28). Bogan did not appeal his conviction or sentence. No further activity occurred in this criminal action until Bogan filed the present § 2255 motion (Doc. 31) and supporting memorandum (Doc. 32) on June 20, 2016. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings.

## II.    Analysis

### A.    Claim for Relief

Bogan's sole claim in the present § 2255 motion is that the Court's application of U.S.S.G. § 2K2.1(a)(2) rendered his sentence unconstitutional under the reasoning of the United States Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which has been held to apply retroactively on collateral review. *Mays v. United States*, 817 F.3d 728, 737 (11th Cir. 2016) (per curiam); *Welch v. United States*, —— U.S. ——, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

> A defendant convicted of unlawful possession of a firearm receives an enhanced base offense level of 24 if he "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The definition of "crime of violence" includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise

involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

…

In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. The Armed Career Criminal Act increases sentences for certain offenders who have three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The definition of "violent felony" under the Act is nearly identical to the definition of "crime of violence" under the guidelines, and both definitions include an identical residual clause that encapsulates crimes that "present[ ] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2).

*United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015).

Like Matchett, Bogan "argues … that because [the Eleventh Circuit Court of Appeals] interpret[s] the residual clause of section 4B1.2(a) of the advisory guidelines in the same manner as [it] interpret[s] the residual clause of the Armed Career Criminal Act, *see Gilbert v. United States,* 640 F.3d 1293, 1309 n. 16 (11th Cir. 2011) (en banc), the residual clause of section 4B1.2(a) is also unconstitutionally vague." *Id.* As the Government correctly points out, and as Bogan acknowledges, however, that argument was rejected in *Matchett*, which held that "[t]he vagueness doctrine … does not apply to advisory guidelines." *Id. Accord, e.g.*, *United States v. Wilson*, 662 F. App'x 693, 697 (11th Cir. 2016) (per curiam) (unpublished) ("[I]n this circuit, the vagueness doctrine applied by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable to the advisory Guidelines. *United States v. Matchett*, 802 F.3d

1185, 1195-96 (11th Cir. 2015). In *Matchett*, we held that the holding in Johnson is limited to criminal statutes that define elements of a crime or fix punishments. *Id.* at 1194. []Because Wilson's sentence was enhanced pursuant to the Sentencing Guidelines -- which are not subject to Fifth Amendment vagueness challenges, *see id.* at 1195-1196 – Wilson's claim fails."). Recently, the United States Supreme Court agreed with *Matchett*, holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause…" *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). In light of *Matchett* and *Beckles*, Bogan's sole claim is meritless.

Even if this Court were to disregard *Matchett* and *Beckles*, and find that *Johnson* applies to the Sentencing Guidelines, Bogan would still be due no relief because, as the Government correctly argues in its response, § 2K2.1(a)(2) would apply to him even without reference to § 4B1.2(a)(2)'s residual clause. "In *Johnson*, the United States Supreme Court clarified that its decision declaring the residual clause void for vagueness did not call into question the validity of the elements clause or the enumerated clause in the Act." *In re Burgest*, 829 F.3d 1285, 1287 (11th Cir. 2016). As stated in Bogan's PSI, Bogan had sustained the following two Alabama felony convictions prior to committing the offense to which he pled guilty here:

1. a 2006 conviction for first-degree burglary. *See* (Doc. 24 at 8 – 9, § 34 (setting forth facts of the offense, which involved burglary of a dwelling)); Ala. Code § 13A-7-5 (the crime of burglary in the first degree involves

"knowingly and unlawfully enter[ing] or remain[ing] unlawfully in a dwelling with intent to commit a crime therein").

2. A 2008 conviction for third-degree robbery. *See* (Doc. 24 at 10 – 11, § 36); Ala. Code § 13A-8-43(a) ("A person commits the crime of robbery in the third degree if in the course of committing a theft he: (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.").

The version of § 4B1.2(a) under which Bogan was sentenced defined a "crime of violence" as, *inter alia*, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that … has as an element the use, attempted use, or threatened use of physical force against the person of another, or … is a burglary of a dwelling … "[2]  As the statutory

---

[2] U.S.S.G. § 4B1.2(a) has since been amended effective August 1, 2016, and currently reads as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

definitions of the offenses and the uncontested facts in Bogan's PSI demonstrate,

his first-degree burglary conviction is "a burglary of a dwelling," and his third-

degree robbery conviction "has as an element the use, attempted use, or

threatened use of physical force against the person of another…" *See United*

*States v. Wood*, 209 F.3d 847, 851 (6th Cir. 2000) ("The statutory definition

clearly indicates that Alabama's robbery in the third degree offense has as an

element 'the use, attempted use, or threatened use of physical force against a

person.'  There is simply no ambiguity in the language of the Alabama statute:

to be guilty of robbery in the third degree a defendant must either use force or

threaten the imminent use of force against a person sometime during the

commission of a theft.  Wood's argument that robbery in the third degree is not a

crime of violence because it could be committed without force therefore is

meritless."); U.S.S.G. § 4B1.2, Application Note 1 of the Commentary (2013) ("

'Crime of violence' includes … robbery … and burglary of a dwelling."); U.S.S.G.

§ 2K2.1, Application Note 1 of the Commentary (2013) ("For purposes of this

guideline: … 'Crime of violence' has the meaning given that term in §4B1.2(a)

**and** Application Note 1 of the Commentary to §4B1.2." (emphasis added)).[3]

---

      (2) is murder, voluntary manslaughter, kidnapping, aggravated
      assault, a forcible sex offense, robbery, arson, extortion, or the
      use or unlawful possession of a firearm described in 26 U.S.C.
      5845(a) or explosive material as defined in 18 U.S.C. 841(c).

[3] The Eleventh Circuit has "recognized, based on the decision of the Supreme
Court in *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915, 123 L.

Thus, these two convictions satisfy the definition of a "crime of violence" under the applicable version of § 4B1.2(a) without reference to that provision's residual clause. Accordingly, the Court did not err in applying § 2K2.1(a)(2), regardless of whether § 4B1.2(a)'s residual clause is unconstitutionally vague.[4]

For these reasons, the undersigned finds that Bogan's § 2255 motion (Doc. 31) is due to be **DISMISSED with prejudice**, without an evidentiary hearing.

### B.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. The habeas corpus statute makes

---

Ed. 2d 598 (1993), that 'the definition of 'crime of violence' provided by the Guidelines commentary is authoritative.' " *In re Burgest*, 829 F.3d 1285, 1287 (11th Cir. 2016) (quoting *United States v. Hall*, 714 F.3d 1270, 1274 (11th Cir. 2013)).

[4] Bogan conclusorily asserts, at the end of his supporting memorandum, that his third-degree robbery conviction cannot be counted against him under the reasoning of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). The concerns of those cases, however, are not present here, as there is no need to look beyond the plain wording of Alabama's third-degree robbery statute in determining that it constitutes a "crime of violence" under §4B1.2(a)(1), regardless of which of statute's alternative elements ("uses force" or "threatens the imminent use of force") applies to Bogan's conviction. *Cf. Descamps,* 133 S. Ct. at 2284–85 ("[W]hen a statute so refers to several different crimes, not all of which qualify as an ACCA predicate, a court must determine which crime formed the basis of the defendant's conviction. That is why [the Supreme Court] developed the modified categorical approach." (citation and quotation omitted)); *Moncrieffe*, 133 S. Ct. at 1684 ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." (quotation omitted)).

clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).).  "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part."  *Miller-El*, 537 U.S. at 338 (quotations omitted).

The undersigned finds that reasonable jurists could not debate whether Bogan's § 2255 motion to vacate should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.  Accordingly, the undersigned finds that Bogan should be **DENIED** a Certificate of Appealability as to the present § 2255 motion.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## C.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court certify that any appeal by Bogan of the dismissal of his § 2255 motion (Doc. 31) would be without merit and therefore not taken in good faith.

### III.    Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Bogan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 31) be **DISMISSED with prejudice**.  It is further **RECOMMENDED** that the Court find Bogan not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

### IV.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 7th day of April 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**